UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JANET NICHOLE SHANNON )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>vs. )<br>)<br>WELDING CERAMICS, LLC )<br>)<br>AND )<br>)<br>RICHARD DURHAM, )<br>OPERATIONS MANAGER )<br>)<br>Defendant(s). ) | CASE NO.: 1:16-CV-00451<br><br>DIVISION:<br><br>[JURY DEMAND] |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff, Janet N. Shannon, by and through counsel, files his complaint against WELDING CERAMICS, LLC, and its successors, and Richard "Dirk" Durham, Operations Manager, would state to the Court as follows:

### I. PARTIES TO THE COMPLAINT.

1. Plaintiff, Janet N. Shannon, is a citizen of the United States and resides in the County of Hamilton, State of Tennessee.

2. Defendant, Welding Ceramics, LLC is a company doing business in Hamilton County, TN.

-1-

3. Welding Ceramics, LLC is located at 28 West 28th Street, Chattanooga, TN 37408.

4. At all times relevant to this action, Plaintiff, Janet N. Shannon, was employed by Defendant, Welding Ceramics, LLC.

5. At all times relevant to this action, Richard "Dirk" Durham acted as Operations Manager and Human Resource Manager for WELDING CERMATICS, LLC.

6. At all times pertinent to plaintiff's claims of sexual harassment, race discrimination, retaliation and hostile work environment, Plaintiff, Janet N. Shannon, was employed by defendant, WELDING CERAMICS, LLC and supervised by Richard "Dirk" Durham.

## II. JURISDICTION AND VENUE.

7. Janet N. Shannon brings this action for discrimination in employment pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000c to 2000e-17.

8. Defendants in this action for discrimination in employment are subject to the jurisdiction of this Court pursuant to the provisions Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000c to 2000e-17.

9. The United States District Court for the Eastern District of Tennessee has jurisdiction over this cause in all respects as:

a. 28 U.S.C. 1331, gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

b. 28 U.S.C. 1343 (3) and (4) which give district courts jurisdiction over actions to secure civil rights extended by the United States government;

c. 28 U.S.C. 1367, which gives the district court supplemental jurisdiction over state law claims.

10. Venue is appropriate in this judicial district under 28 U.S.C. 1391 (b) because the events that give rise to the action occurred in this district.

### III. STATEMENT OF CLAIM.

11. Plaintiff asserts and incorporates by reference, Paragraphs 1 -10 as if fully set forth herein.

12. Janet N. Shannon is an African American female, (Black/female).

13. On May 04, 2015, Defendant, Richard Durham, hired Janet N. Shannon as a press machine operator.

14. Plaintiff's was hired as a press machine operator at a rate of $9.75 per hour.

15. Defendant, WELDING CERAMICS, LLC., employed three female employees.

16. Plaintiff was one of two females employed by Defendant with the job title of press machine operator.

17. Defendant, WELDING CERAMICS, LLC., employed 17 males in various position including press operators.

18. Defendant, Richard 'Dirk" Durham, acts as the Operations Manager for WELDING CERAMICS, LLC.

19. Defendant, Richard "Dirk" Durham, is also responsible for local human resource functions, and acted as supervisor to Plaintiff, Janet N. Shannon.

—3—

20. Plaintiff's claims for relief arise from the discriminatory acts of the Defendant, WELDING CERAMICS, LLC and it's agent, Defendant, Richard "Dirk" Durham, specifically:

a. Defendant failed to investigate reported acts of sexual harassment once he learned that the perpetrators of the abuse where two white, male maintenance supervisors;

b. Defendant failed to take affirmative acts to stop sexual harassment by implementing a sexual harassment policy, or by implementing procedures to report sexual harassment;

c. Defendant failed to remove Plaintiff from a hostile work environment, after being informed of retaliatory acts made against Plaintiff after reporting sexual harassment;

d. Defendant terminated Plaintiff's employment, in retaliation for reporting sexual harassment;

e. Defendant did not investigate reported sexual harassment until after Plaintiff was terminated.

**A. Sexual Harassment.**

21. Plaintiff asserts and incorporated by reference, Paragraphs 1-20 as if fully set forth herein.

22. Pete Ostewig, (White/male) began making sexually suggestive comments to Plaintiff, on her first day of employment.

23. Phil Ostewig, (White/male) began making comments about how attractive Plaintiff looks and smelled during her first week of employment.

—4—

24. The comments became more sexually explicit during Plaintiff's second week of work.

25. Pete Ostewig made sexually suggestive comments such as, "if you knew what I was thinking you'll slap me too," "would you remove the things out of your back pocket because they're messing up my view." "I like it when you wear colored clothing because I can see your body shape better that way," and "you smell so good that I can stand by you all day."

26. Sexually suggestive comments were also made to Plaintiff's co-worker in reference to Plaintiff, Janel N. Shannon.

27. Pete Ostewig and Phil Ostewig are brothers.

28. Pete Ostewig is responsible for overall plant maintenance which includes electrical operations and wiring.

29. Phil Ostewig oversees machine operations.

30. Phil Ostewig's job functions places him in close proximity to the press operators on a daily basis.

### B. Sexual Harassment was Known to Management.

31. Plaintiff reported the unwelcomed sexual harassment to Defendant, Richard "Dirk" Durham, on May 29, 2015.

32. Once Defendant, Richard "Dirk" Durham, learned that the Pete and Phil Osweg were the identified perpetrators of the sexual harassment, Defendant, told Plaintiff "don't worry about it" and informed her that "he was her boss."

33. Defendant took no action to investigate the allegations of sexual harassment until some times after Defendants terminated Plaintiff's employment.

34. Defendant did not have a work place harassment policy in place at that time and made no efforts to put one in place.

### C. Hostile Work Environment was Known to Management.

35. Plaintiff was then subjected to the retaliatory acts of Phil Ostewig after reporting sexual harassment to management.

36. Phil Ostewig taunted Plaintiff and begin giving Plaintiff extra duties to make her job more difficult.

37. Phil Ostewig reported Plaintiff to Defendant for minor infractions common among her peer group.

38. Phil Ostewig increased Plaintiff's job load. When other co-workers were only operating maybe one, two, or three machines, Plaintiff was required to operate five, six and sometimes seven machines.

39. Plaintiff reported the working conditions to her supervisor, Respondent Richard "Dirk Durhan.

40. Rather than stop the harassment, Defendant, Richard "Dirk" Durham, did nothing.

41. Phil Ostewig, unreasonably interfered with Plaintiff's ability to perform her work by creating an intimidating, hostile, and offensive work environment.

42. The harassment affected a term, condition, or privilege of Plaintiff's employment.

43. Neither Defendant, not its agent, supervisor, Richard "Dirk" Durham, took appropriate action to remove Plaintiff from the hostile work environment.

44. Rather than take immediate action, Defendant allowed Phil Ostewig to devised a retaliatory plan to procure the Plaintiff's resignation and avoid the appearance of a retaliatory discharge.

### D. Unsatisfactory Job Performance as Pre-text for Discrimination.

45. On June 25, 2015, Plaintiff, Janet N. Shannon was fired from her position as press operator.

46. Defendants will assert that Plaintiff, Janet N. Shannon, was fired due to unsatisfactory job performance.

47. The separation notice states that Plaintiff was terminated because she was not fitting in as a press operator, she did not communicate when there was a problem with the machines, and she was always complaining.

48. Noteworthy is the fact that just three days prior to Plaintiff's termination, Richard "Dirk" Durham, notified a co-worker that Plaintiff, Janet Nicole Shannon, was doing an excellent job. Defendant also advised Plaintiff that she was doing an excellent job.

49. Plaintiff contends that any reference to unsatisfactory job performance is a pre-text for discrimination.

### E. Damages.

50. Plaintiff suffered emotional, physical and psychological harm as a result of being subjected to sexual harassment, retaliation and intimidation, in a hostile work environment.

51. Plaintiff incurred medical bills in the amount of $4,850.00, as a direct result of her termination and loss of medical coverage.

52. Plaintiff suffered emotional and psychological trauma that impacts her ability to maintain employment.

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES.

53. The Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter, on September 29, 2016.

## V. RELIEF.

54. Defendant's on-going harassment has affected a term, condition, or privilege of employment.

55. Plaintiff suffered humiliation, embarrassment and loss of employment because of Defendant's retaliation.

56. Plaintiff has incurred lost wages and benefits.

57. Plaintiff has incurred medical bills and an overall decline in her health due to the stress of working in a hostile work environment where she was subjected to sexual harassment on a consistent basis.

58. Plaintiff has incurred on-going attorney fees.

59. Defendant's employment discrimination and retaliation has impaired the plaintiff's earning capacity and has diminished her enjoyment of life.

60. Plaintiff avers that she is entitled to lost wages and benefits, compensatory damages, punitive damages and attorney fees as a matter of law.

**WHEREFORE**, plaintiff demands the following:

1. That proper process issue and be served upon Defendant and that the Defendants be required to appear and answer the Complaint within the time required by law.

2. That Plaintiff be awarded a judgment against the defendant in the amount of $250,000.00.

3. That the cost of this action be awarded to Plaintiff.

4. That a jury of twelve persons be impaneled to try this cause.

5. That such further and other general and punitive

6. relief to which plaintiff may be entitled, including attorneys' fees as a prevailing party.

Respectfully submitted.

**STRONG MOSS LAW**

Jacqueline Strong Moss s/ *Jacqueline Strong Moss*
JACQUELINE STRONG MOSS, Esq.
BPR# 022952
707 Georgia Avenue, Suite 401
Chattanooga, TN 37402
Office: (423) 756-2707
Voice: (423) 580-5621
Fax:    (931) 572-5483
E-mail: strongmosslaw@gmail.com

STATE OF TENNESSEE
COUNTY OF HAMILTON

I, **JANET N. SHANNON**, being duly sworn according to law, state that the facts set out in the petition above are true and correct to the best of my knowledge, information, and belief.

_____
JANET N. SHANNON

Sworn to and subscribed before me this the 27th day of December, 2016.

_____
Notary Public

My Commission expires: 8/25/18

*[Notary Seal: MARILYN NEWELL, STATE OF TENNESSEE, NOTARY PUBLIC, HAMILTON COUNTY]*